UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOHAMMAD MOKHTAR AHMED,

         Plaintiff,

     -against-

JOHN MILLER, NYPD INTELLIGENCE BUREAU
OFFICER JOHN DOE FIRST, NYPD INTELLIGENCE
BUREAU OFFICER JOHN DOE SECOND, CHARLES H.
KABLE, IV, SPECIAL AGENT GEORGE KELLER,
DONALD K. DAVIS, 7223 GAMMA LLC, and ANDREW
CHERTOFF,

         Defendants.
-----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
21-CV-6086-RPK-SJB

**BULSARA, United States Magistrate Judge:**

   This report and recommendation resolves a motion by Defendant John Miller ("Miller") seeking dismissal of the claims against him in the Amended Complaint filed by pro se Plaintiff Mohammad Mokhtar Ahmed ("Ahmed"). (Mot. to Dismiss dated July 20, 2022 ("Mot. to Dismiss"), Dkt. No. 28). Because the Amended Complaint is devoid of factual allegations describing specific conduct on the part of Miller, it is respectfully recommended that all claims against Miller be dismissed, and such dismissal be with prejudice.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

   Ahmed first brought this action against Miller and unknown NYPD "Intelligence Bureau Officers" (together, the "NYPD Defendants"), alleging civil rights violations and claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in the

Southern District of New York on October 20, 2021.[1] (Compl. dated Oct. 20, 2021 ("Compl."), Dkt. No. 1). The case was transferred to the Eastern District of New York *sua sponte* pursuant to 28 U.S.C. § 1404(a). (Transfer Order dated Oct. 26, 2021, Dkt. No. 4).

Ahmed filed a motion to amend on February 7, 2022, (Mot. to Amend, Dkt. No. 20), which the Court granted. (Order dated May 20, 2022). The Amended Complaint names as additional defendants Charles H. Kable, IV, Special Agent George Keller, Donald K. Davis, 7223 Gamma LLC, and Andrew Chertoff. (Am. Compl., Dkt. No. 25).[2]

Parsing the factual allegations in the Amended Complaint is not an easy task. Ahmed often refers to the conduct of "Defendants," without describing Miller's specific role (if any) in the alleged misconduct of which he complains. This—in addition to the digressive nature of the allegations—makes it difficult to ascertain which claims are being asserted against Miller (or any defendant), and what relief Ahmed is seeking.

Nonetheless, it appears most of Ahmed's allegations against the NYPD Defendants relate to an incident occurring in August 2018. (*See* Am. Compl. ¶¶ 46–57 (labeled "Interactions with NYPD Counterintelligence")). Ahmed alleges that two NYPD "Intelligence Unit" officers approached him in Brooklyn, identified themselves as Department of Navy veterans, and forced him into their car to interrogate him. (*Id.* ¶¶ 47–48). The officers allegedly denied him the right to a lawyer, unlawfully searched

---

[1] For cases initiated by non-incarcerated plaintiffs, a "complaint is deemed filed when the Clerk of Court receives it." *Kalican v. Dzurenda*, 583 F. App'x 21, 23 (2d Cir. 2014).

[2] To date, these five defendants have not been served with a summons and Amended Complaint, and have not appeared in this action. In addition, the two "John Doe" officers named in the original Complaint have not yet been identified or served.

his phone, and interrogated him for over an hour about various subjects—including his family, military service, and "credit repair process." (*Id.* ¶¶ 49–51). The officers also allegedly took pictures of his "unclothed upper-body without permission" and "baited [him] to look at the women [walking on the block] and check their backsides in a sexual manner." (*Id.* ¶¶ 52–54). In connection with this same incident, Ahmed further claims he was not "given notice of the factual basis for his placement on the federal terror watch list, . . . [or] offered a meaningful opportunity to contest his designation," and government agents have not "processed any disputes in accordance with accurate procedure." (*Id.* ¶¶ 56–57).[3] Because the officers were "adamant about performing an illegal search on [his] premises," Ahmed left the car. (*Id.* ¶ 54). He alleges this "illegal search and seizure" and the officers' "intimidating, unfair, cruel and unusual" tactics led him to experience symptoms of his "documented disability." (Am. Compl. ¶¶ 52–53, 55).[4]

Ahmed appears to assert a bevy of claims under 42 U.S.C. § 1983—including for excessive force, unlawful search, illegal conditions of confinement, and deliberate indifference to his medical needs—in violation of the 4th, 5th, 8th, and 14th Amendments. (*See* Am. Compl. Counts I, II, VIII, IX). In addition, he alleges the defendants violated various provisions of the FCRA by furnishing or disseminating

---

[3] Ahmed alleges he has been harmed by his baseless inclusion in the Terrorist Screening Database ("TSDB") as a "suspected terrorist." (*Id.* ¶¶ 99–112).

[4] Ahmed also alleges facts regarding other unlawful incidents, including "illegal detainment in Virginia by military police, an illegal search by Federal Bureau of Investigation agents, and a private corporation confiscating plaintiff's belongings." (Mem. of Law in Supp. of Mot. to Dismiss ("Mem."), attached as Ex. 1 to Mot. to Dismiss, at 1 n.2; *see, e.g.*, Am. Compl. ¶¶ 41–42, 63, 68). Ahmed has not alleged that these incidents are connected to his claims against Miller.

inaccurate information regarding his status as "suspected terrorist" in the TSDB—which he deems to be a "consumer report"—and to third parties. (*Id.* ¶¶ 25, 30, 101; *see id.* Counts III, IV, V, VII, X).[5] Ahmed seeks an award of compensatory and punitive damages, a writ of mandamus, and a declaratory judgment. (*Id.* ¶ 2; *id.* Prayer for Relief at 64).

On July 20, 2022, Miller filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. (Mot. to Dismiss). The motion and accompanying papers were mailed to Ahmed at his last known address. (Decl. of Service by Mail, attached as Ex. 5 to Mot. to Dismiss).

The Honorable Rachel P. Kovner directed Ahmed to file his response to Miller's motion to dismiss on or before December 5, 2022. (Order dated Nov. 16, 2022). At Ahmed's request, the Court extended his time to respond to January 12, 2023. (Order dated Dec. 12, 2022). The Court warned, however, that "[n]o further extensions will be granted" and if Ahmed did not serve a timely response, it would treat the motion to dismiss as fully briefed. (*Id.*). On April 5, 2023, Judge Kovner deemed the motion fully briefed—in light of Ahmed's failure to file responsive briefing in accordance with her previous order—and referred the motion to the undersigned. (Order Referring Mot. dated Apr. 5, 2023).

## DISCUSSION

"The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of . . . claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018) (citing *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir.

---

[5] The Amended Complaint skips from Count V to Count VII; that is, it fails to include a Count VI. (*See* Am. Compl. at 62–63).

4

2007)). Ahmed's failure to oppose the motion to dismiss does not relieve the Court of its obligation to consider the merits of his claims. *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."). In deciding such a motion, the Court must "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (quotations and alteration omitted); *Amadei*, 348 F. Supp. 3d at 155 ("[W]hen reviewing a complaint on a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of [the non-moving party].").

Once the facts are construed in the light most favorable to the non-moving party—here, Ahmed—to avoid dismissal there must be sufficient facts that allege a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal citation and quotations omitted)). "[A] district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.*

5

(citation and quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (internal citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Escamilla v. Young Shing Trading Co.*, No. 17-CV-652, 2018 WL 1521858, at *2 (E.D.N.Y. Jan. 8, 2018), *report and recommendation adopted*, 2018 WL 1033249, at *3 (Feb. 23, 2018).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Where, as here, the complaint was filed pro se, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (same). "This is particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Nonetheless, even pro se complaints must contain sufficient factual allegations to allege a plausible claim. *Hogan*, 738 F.3d at 515; *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

6

Miller contends that the claims against him must be dismissed because the Amended Complaint does not allege his personal involvement in the August 2018 incident—a necessary pre-requisite for any § 1983 claim. (Mem. at 4–6).

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant."). "The Second Circuit has defined 'personal involvement' to mean direct participation, such as 'personal participation by one who has knowledge of the facts that rendered the conduct illegal,' or indirect participation, such as 'ordering or helping others to do the unlawful acts.'" *Nardoni v. City of New York*, 331 F. Supp. 3d 116, 122–23 (S.D.N.Y. 2018) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)).

As such, an official cannot be found liable under § 1983 "'merely because he held a high position of authority,' but can be held liable if he was personally involved in the alleged deprivation." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). In other words, "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676). Ahmed must therefore establish that Miller violated his constitutional rights by his own

7

conduct, and not merely by the fact of Miller's supervision of the officers who committed the violation or his position as Deputy Commissioner of the NYPD Intelligence Bureau. *See id.* at 619.

Here, the Amended Complaint alleges: "Defendant John Miller . . . is the Deputy Commissioner of the NYPD Intelligence Bureau, and the director of Unidentified Intelligence Bureau Officers. The mission of the NYPD Intelligence Bureau is to detect and disrupt criminal and terrorist activity through the use of intelligence-led policing." (Am. Compl. ¶ 18). Aside from this single paragraph—and the case caption—Miller's name or title is never mentioned or referenced in the body of the Amended Complaint.[6] Ahmed does not allege that Miller detained, interrogated, or illegally searched him, or even that he was present during the August 2018 incident. Nor does he allege Miller had any personal knowledge or responsibility (for example, by implementing an unconstitutional policy or custom) for any of the harms he allegedly suffered.

Further, Ahmed's generalized allegations against "Defendants" as a group—(*i.e.*, a group that presumably includes Miller)—are insufficient to establish Miller's personal involvement.[7] *See, e.g.*, *Rogers v. Bisono*, No. 15-CV-6670, 2016 WL 4224072, at *2 (S.D.N.Y. Aug. 9, 2016) (dismissing § 1983 claims for failure to allege personal involvement where plaintiff argued that each time he referred "to the plural 'Defendants' in his complaint that he is describing Bisono, Peterkin, and all John Doe Defendants"); *Harry v. McDonald*, No. 3:21-CV-1355, 2022 WL 3576676, at *3 (D. Conn. Aug. 19,

---

[6] Like the Amended Complaint, Miller is nowhere mentioned or referenced in the body of the original Complaint.

[7] As an example, the Amended Complaint alleges: "Defendants, acting under color of state law, took Plaintiff into physical detainment." (Am. Compl. at 55).

8

2022) ("As a corollary of the personal involvement requirement, complaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." (quotations omitted)).

In the absence of any factual allegations that plausibly suggest Miller's personal involvement, Ahmed's § 1983 claims against Miller must be dismissed.[8] *See, e.g.*, *Wilson v. City of New York*, No. 18-CV-2262, 2021 WL 5908860, at \*6 (E.D.N.Y. Dec. 14, 2021) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." (quoting *Cipriani v. Buffardi*, No. 9:06-CV-0889, 2007 WL 607341, at \*1 (N.D.N.Y. Feb. 20, 2007))); *Dowtin v. O'Neil*, 416 F. Supp. 3d 159, 162 (E.D.N.Y. 2017) (dismissing pro se plaintiff's § 1983 claims against police commissioner and acting district attorney, who were merely "named in the complaint because of the particular positions that they occupy in the city government," and where plaintiff failed to show they "had any direct

---

[8] Though Miller argues the Amended Complaint should be dismissed in its entirety, he does not address the plausibility of any FCRA claims alleged against him— (perhaps because of the reasonable assumption those claims are not being asserted against him). Indeed, it is not clear to the Court whether Ahmed intended to assert FCRA claims against Miller. But to the extent he did intend to assert such claims—on the theory that Miller provided or disseminated information regarding his status as a "suspected terrorist"—the Court recommends those claims should also be dismissed. "[T]he FCRA prescribes specific duties on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 390 (E.D.N.Y. 2022) (quotations omitted). Ahmed has failed to allege any facts suggesting Miller is subject to the FCRA. *See, e.g.*, *Ebalu v. N.Y.C. Police Dep't*, No. 21-CV-6476, 2022 WL 4485920, at \*3 (S.D.N.Y. June 21, 2022) (recommending dismissal of pro se plaintiff's FCRA claim against NYPD where the complaint "[did] not allege a single fact to support finding that the NYPD falls into one of these [three] categories"), *report and recommendation adopted*, 2022 WL 4485377, at \*1 (Sept. 27, 2022).

9

involvement with, knowledge of, or responsibility for the alleged deprivation of his civil right") (collecting cases).9

## CONCLUSION

For the reasons explained above, it is respectfully recommended that Ahmed's claims against Miller be dismissed, and that those claims be dismissed with prejudice. Ahmed has already amended his complaint once. He did not file any opposition to the motion to dismiss, and therefore did not request leave to amend or come forward with any facts that would solve the pleading deficiencies identified by Miller. Nor can the Court conclude that further details from Ahmed would sustain a claim against Miller, who appears to have been named based on his title, not as a result of any involvement in the allegedly unconstitutional action. Under such circumstances, dismissal with prejudice is the appropriate remedy. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of pro se plaintiff's complaint without leave to amend where plaintiff "suggested no new material she wishes to plead" to cure deficiencies); *Clarke v. Leading Hotels of the World, Ltd.*, No. 15-CV-0008, 2015 WL 6686568, at *5 (S.D.N.Y. Oct. 29, 2015) (dismissing claims with prejudice where pro se plaintiff failed to oppose motion to dismiss, and thus, did not seek leave to amend).

---

9 To the extent Ahmed seeks additional relief, *see supra* at 4—beyond damages—those requests are legally baseless. First, the Court lacks mandamus jurisdiction over Miller. While federal courts may compel "an officer or employee of the United States . . . to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, they have "no general power to compel action by state officials." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). Miller, employed by the City of New York, is not a federal official. As for his other request, Ahmed "cannot maintain a claim for a declaratory judgment where the underlying substantive claim has been dismissed since the Declaratory Judgment Act only created a procedural mechanism and not an independent cause of action." *Prignoli v. Bruczynski*, No. 20-CV-907, 2021 WL 4443895, at *12 (E.D.N.Y. Sept. 28, 2021). Because the Court recommends dismissal of Ahmed's underlying substantive claims against Miller, Ahmed is not entitled to declaratory relief. *See id.* at *13.

10

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)).

Counsel for Miller is directed to serve a copy of this Report and Recommendation on Ahmed and file proof of such service on the record by June 23, 2023.

SO ORDERED.

/s/ *Sanket J. Bulsara*  June 16, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

11