UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MOHAMMAD MOKHTAR AHMED,

                    Plaintiff,                   **MEMORANDUM AND ORDER**

     v.                                     21-CV-6086 (RPK) (SJB)

JOHN MILLER, NYPD INTELLIGENCE
BUREAU OFFICER JOHN DOE FIRST,
NYPD INTELLIGENCE BUREAU OFFICER
JOHN DOE SECOND, CHARLES H. KABLE,
IV, SPECIAL AGENT GEORGE KELLER,
DONALD K. DAVIS, 7223 GAMMA LLC,
and ANDREW CHERTOFF,

                    Defendants.

-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

     *Pro se* plaintiff Mohammad Mokhtar Ahmed brought this action alleging civil rights violations and claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  *See* Am. Compl. (Dkt. #25).  For the reasons set out below, the claims against defendants Charles H. Kable, IV, Special Agent George Keller, Donald K. Davis, 7223 Gamma LLC, and Andrew Chertoff are dismissed because plaintiff failed to serve those defendants in accordance with Federal Rule of Civil Procedure 4.  The claims against the two unknown NYPD Intelligence Bureau officers are dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).  Because no defendants remain in this case, the case is dismissed.

## BACKGROUND

     Plaintiff filed his original complaint against defendants John Miller and two unidentified NYPD Intelligence Bureau officers on October 20, 2021.  *See* Compl. (Dkt. #1).  Plaintiff subsequently filed an amended complaint on May 20, 2022, naming as additional defendants Charles H. Kable, IV, Special Agent George Keller, Donald K. Davis, 7223 Gamma LLC, and

Andrew Chertoff. *See* Am. Compl. Although plaintiff was required to serve those plaintiffs by no later than August 18, 2022, plaintiff did not file any proof of service.

On June 16, 2023, Magistrate Judge Bulsara issued a report and recommendation recommending that the Court grant defendant Miller's unopposed motion to dismiss, which the Court subsequently adopted in full. *See* Report and Recommendation (Dkt. #37); July 25, 2023 Order Adopting Report and Recommendation.

On the same day, Judge Bulsara also issued an order directing plaintiff to show cause, by July 10, 2023, why service had not been effectuated as to defendants Kable, Keller, Davis, Chertoff, and 7223 Gamma LLC. *See* June 10, 2023 Order 2 (Dk #38). Judge Bulsara warned that "[s]hould Ahmed fail to respond to this Order or demonstrate good cause," he would recommend to this Court that the "claims against these five [d]efendants be dismissed without prejudice pursuant to Rule 4(m)." *Id*. at 3. Judge Bulsara further ordered plaintiff to indicate whether he intended to prosecute the action against the two unknown NYPD Intelligence Bureau officers and made clear that failure "to indicate any affirmative intention to continue his case against them" would result in a recommendation "that the claims against them be dismissed." *Ibid*. To date, plaintiff has not responded to Judge Bulsara's order.

## DISCUSSION

The claims against defendants Kable, Keller, Davis, 7223 Gamma LLC, and Chertoff are dismissed without prejudice pursuant to Rule 4(m) for failure to serve those defendants. The claims against the two unknown NYPD Intelligence Bureau officers are dismissed without prejudice under Rule 41(b) for failure to prosecute.

**I.   Rule 4(m)**

Plaintiff's claims against defendants Kable, Keller, Davis, 7223 Gamma LLC, and Chertoff are dismissed under Rule 4(m).

2

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  If a plaintiff shows "good cause for the failure" to satisfy the service requirements of Rule 4, then "the court must extend the time for service for an appropriate period." *Ibid*.  On the other hand, if the plaintiff does not show good cause for failure to effectuate timely service, "a district court may grant an extension . . . but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).

Although plaintiff had until August 18, 2022 to serve the five named defendants, he never filed any proof of service.  Judge Bulsara ordered plaintiff to show good cause by July 10, 2023 "why service of process has not been effectuated on Defendants Charles H. Kable, IV, Special Agent George Keller, Donald K. Davis, 7223 Gamma LLC, and Andrew Chertoff, and why his claims against them should not be dismissed."  June 23, 2023 Order 2.  He warned that should plaintiff "fail to respond to this Order or demonstrate good cause, the Court will recommend that his claims against these five Defendants be dismissed without prejudice pursuant to Rule 4(m)." *Ibid*.  The deadline has long passed, and plaintiff has neither filed proof of service nor responded to the Court's order.  Accordingly, the claims against the remaining named defendants are dismissed without prejudice under Rule 4(m). *See Thompson v. Maldonaldo*, 309 F.3d 107, 109 (2d Cir. 2002) (approving *sua sponte* dismissal of a complaint under Rule 4(m) if the plaintiff had been given prior notice and an opportunity to show cause); *Brookliv LLC v. Meehan*, No. 21-CV-7178 (RPK) (RER), 2022 WL 1488664, at *1 (E.D.N.Y. May 11, 2022) (dismissing complaint under Rule 4(m) "[b]ecause plaintiff has not properly served defendant and an extension of time to effect service is not warranted"); *Archibald v. U.S. Bureau of Prisons*, No. 09-CV-8970 (LTS)

(HBP), 2010 WL 5298176, at *1 (S.D.N.Y. Oct. 29, 2010) (dismissing complaint *sua sponte* under Rule 4(m) when "plaintiff has not filed proof of service [and] has not explained why service has not been completed"), *report and recommendation adopted*, 2010 WL 5298815 (S.D.N.Y. Dec. 23, 2010).

II.     **Rule 41(b)**

The claims against the remaining defendants—two unnamed NYPD Intelligence Bureau officers—are dismissed without prejudice under Rule 41(b) for failure to prosecute.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)) (brackets omitted). Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," Fed. R. Civ. P. 41(b), it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). To determine whether dismissal is appropriate, a district court must weigh:

> (1) whether plaintiff "caused a delay of significant duration";
>
> (2) whether plaintiff was "given notice that further delay would result in dismissal";
>
> (3) whether defendant was "likely to be prejudiced by further delay";
>
> (4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and
>
> (5) whether lesser sanctions would be effective.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

While dismissal is a "harsh remedy to be utilized only in extreme situations," *Drake*, 375 F.3d at 254, "the authority to invoke it for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts,'" *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)).

All five Rule 41(b) factors favor dismissal here.

First, plaintiff has caused a significant delay. Plaintiff has not been in contact with the Court since December 5, 2022. Since then, plaintiff has failed to oppose defendant Miller's motion to dismiss and did not respond to Judge Bulsara's June 2023 order. While days or weeks of delay "typically do[] not warrant dismissal," *Chavis v. City of New York*, No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018), courts consistently find that delays of four to five months or more counsel in favor of dismissal, *Greene v. City of New York*, No. 19-CV-873, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020).

Second, the Court already warned plaintiff that further delay would likely result in dismissal. On June 16, 2023, Judge Bulsara warned plaintiff that if he failed to inform the Court by July 10, 2023 whether he intended to continue to prosecute this action against the two unidentified officers, he would "recommend that the claims against them be dismissed." June 16,

5

2023 Order 3. That order was sent to plaintiff at the mailing addresses he gave the Court. If plaintiff did not receive actual notice of the Court's orders by mail, responsibility for that miscommunication lies with him. *See, e.g.*, *Terry v. City of New York*, No. 20-CV-81 (ER), 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (explaining that "it remained [plaintiff's] duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address" (quotations omitted)); *Greene v. Sposato*, No. 16-CV-1243 (JMA) (ARL), 2019 WL 1559421, at *1 (E.D.N.Y. Apr. 9, 2019) ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." (quotations omitted)) (collecting cases).

Third, defendants are "likely to be prejudiced by further delay." *LeSane*, 239 F.3d at 209. Courts may presume such prejudice where, as here, plaintiff has caused an "unreasonable delay." *Id*. at 210 (quotations omitted); *see, e.g.*, *Terry*, 2020 WL 5913409, at *2 (citation omitted).

Fourth, dismissal without prejudice properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. The interest in alleviating docket congestion strongly favors closing a case that has stalled for almost a year due to plaintiff's failure to comply with a court order and where plaintiff has not appeared for more than a year. But *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Rule 41(b). *Ibid*. Dismissal without prejudice adequately balances those interests in this case, by serving "the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order." *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010); *see, e.g.*, *Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept.

6

3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's *pro se* status").

Finally, because plaintiff has failed to respond to court order over a lengthy period, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious. *See LeSane*, 239 F.3d at 209.

## CONCLUSION

The claims against defendants Kable, Keller, Davis, 7223 Gamma LLC, and Chertoff are dismissed without prejudice pursuant to Rule 4(m). The claims against the two unknown NYPD Intelligence Bureau officers are dismissed without prejudice pursuant to Rule 41(b). Because no defendants remain in this case, this case is dismissed.

Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, so *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: May 20, 2024
       Brooklyn, New York